## MAYTAG SOUTHWESTERN CO. v. AL-MONRODE.

### No. 12954.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 24, 1934.

Neary & Rogers and Russell V. Rogers, Jr., all of Dallas, for appellant.

Gleeson & Butler and Fay W. Prescott, all of Fort Worth, for appellee.

LATTIMORE, Justice.

This is an appeal from a judgment for damages for false representations in the sale of a washing machine.

Appellee has filed no brief. We are not required, therefore, to search the statement of facts to dispose of the facts claimed in appellant's brief to be true. We have, none the less, to a limited extent checked such brief against the statement of facts on file.

The transcript contains a document, denominated by the county clerk as "original petition," filed in the county court only and addressed to the justice of the peace before whom this case originated. Defendant complains of the overruling of his general demurrer, for the reason that the petition fails to allege that plaintiff was ignorant of the falsity of the alleged misrepresentations. There is no order on the general demurrer unless it be the recital in the judgment, "upon defendant's general demurrer to plaintiff's petition and pleading and argument of counsel having been heard, it is the opinion of the court that the law is with plaintiff."

The petition did not allege in so many words that plaintiff was unaware that the machine was not new, but it does allege that plaintiff "accepted same as a new machine" and pleads the new paint on said machine which misled him into such acceptance. As against a general demurrer, we believe the intendments of ignorance of the falsity of the representations are found in the pleading.

Plaintiff introduced evidence to show that in another lawsuit the defendant had taken the machine from him by court proceedings. He was entitled to show that such machine had been taken from him as bearing on the ultimate fact of its possession at the time of trial and what consideration he, plaintiff, had received for the release of it. Plaintiff went too far in showing the details of the conduct of the constable in not notifying appellee of the date of the judicial sale under that other suit, but we do not believe

that same was of any harm to appellant in this trial.

■■ Appellee paid $114 in installments on the machine, kept it more than a year; three parts of it during that year failed to function and were replaced by appellant. Appellee said he would have kept the machine as long as it continued to work, except that appellant sued him for foreclosure because he defaulted his purchase installment and that such suit by appellant was one of the reasons he brought this suit. This makes it appear to us that plaintiff stood on his contract and sued for damages. In such event, other items not being claimed by plaintiff, the measure of damages is the difference between the contract price of the machine and its value as delivered to plaintiff. This was not submitted to the jury, though appellant, by appropriate exceptions to the charge, called this defect to the attention of the trial court.

The judgment of the county court is reversed and the cause is remanded to that court for further proceedings in accord with this opinion.